IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF MARYLAND

IN RE: LEO KOK-BENG TENG         :

LEO KOK-BENG TENG                :

    Appellant                    :

    v.                           :    Civil Action No. DKC 2007-1125

OPTION ONE MORTGAGE              :
    CORPORATION
                                 :
    Appellee
                                 :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is an appeal from the Order of United States Bankruptcy Judge Wendelin I. Lipp denying the "Motion to Vacate Consent Order Modifying Automatic Stay and For to Cite Option One Mortgage Corporation in Contempt" by Appellant/Debtor Leo Kok-Beng Teng.  Oral argument is deemed unnecessary because the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument.  *See* Fed.R.Bankr.P. 8012.  For the reasons that follow, the court will affirm the bankruptcy court's denial of Appellant's motion.

**I.   Background**

Appellant Leo Kok-Beng Teng filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code on April 20, 2001.  Appellee, Option One Mortgage Corporation, was Appellant's sole secured creditor.  Appellant's Chapter 13 Plan

required him to make 60 monthly payments of $480. (Paper 12, App. 3). The trustee would pay Appellee the amount of pre-petition arrears owed by Appellant and then pay the unsecured creditors on a pro rata basis. (*Id.*). Appellant was to continue making his regular monthly mortgage payments to Appellee.

On October 31, 2001, Appellee filed a Motion to Modify Stay to Permit Foreclosure of the Deed of Trust, alleging that Appellant had failed to tender his post-petition mortgage payments. The bankruptcy court entered an order by default granting Appellee's motion on December 13, 2001. Appellant filed a Motion for Reconsideration on January 2, 2002, which the bankruptcy court granted on January 25. A hearing on the Motion for Relief from Stay was scheduled for March 1, 2002. After additional filings and negotiations, the parties agreed to the terms of the Consent Order Modifying Automatic Stay ("Consent Order"), which the bankruptcy court entered on March 21, 2002. (Paper 12, App. 57-60).

Under the terms of the Consent Order, Appellee would forebear from exercising its right to foreclose on Appellant's property if Appellant met the following terms: he was to resubmit $2,276.00 (mortgage payment funds previously refused by Appellee when the Automatic Stay was lifted); tender $8,654.20, the amount owed from September 2001 through February 2002; and recommence making regular monthly mortgage payments as due under the note until the note was paid in full. (*See* Paper 12, App. 57-60). Appellee's obligations

2

under the Consent Order were to provide Appellant with a complete accounting of all payments made for the years 2000 and 2001 by April 1, 2002 and to provide Appellant with a statement of account every three months.  (*See id.*).

Appellant tendered the $2,276.00 on April 12, 2002.  (Paper 13, Tr. 34:12-17).  He made one mortgage payment of $1576.00 on March 22, 2002.  (Paper 12, App. 80-81).  Appellant made no other payments under the Consent Order until he made a protection payment in January 2007.  (Paper 13, Tr. 34:18-23).

During the course of this bankruptcy, Appellant initiated two proceedings against Appellee.  On April 9, 2002, Appellant filed an objection to Appellee's proof of claim.  (Paper 12, App. 7).  On September 12, 2006, Appellee filed a Motion for Summary Judgment regarding Appellee's objection to the proof of claim.  (*Id.* at 37).

On December 1, 2005, Appellant filed the underlying "Motion to Vacate Consent Order Modifying Automatic Stay and For to Cite Option One Mortgage Corporation In Contempt."  (*Id.* at 61).  Appellee filed its Opposition on December 15, 2005, and discovery ensued.  (*Id.* at 69.).  On February 12, 2007, Judge Lipp held a hearing regarding Appellant's motions.  At the conclusion of the hearing, Judge Lipp issued an Order Partially Granting Motion for Summary Judgment Regarding Debtor's Objection to Movant's Proof of Claim.  (*Id.* at 55.).  The court continued the remainder of the hearing until March 23, 2007.  At the March 23 hearing, Judge Lipp

issued a ruling from the bench denying Appellant's Motion to Vacate the Consent Order. (Paper 1, Ex. 2). Appellant now appeals the bankruptcy court's order *pro se*.

**II. Standard of Review**

On appeal from the bankruptcy court, the district court acts as an appellate court and reviews the bankruptcy court's findings of fact for clear error and conclusions of law *de novo*. *See In re Johnson*, 960 F.2d 396, 399 (4th Cir. 1992); *In re Bryson Props., XVIII*, 961 F.2d 496, 499 (4th Cir. 1992), *cert. denied*, 506 U.S. 866 (1992).

**III. Breach of Consent Order**

In his underlying motion to vacate the Consent Order, Appellant made numerous allegations regarding Appellee's mortgage practices. Two of the allegations were relevant to the Consent Order. Appellant asserted that (1) Appellee failed to provide Appellant with a complete accounting of all payments made for the years 2000 and 2001 on or before April 1, 2002 and (2) Appellee never provided Appellant with quarterly account statements. (*See* Paper 12, App. 61-63).

The bankruptcy court found for Appellee on the first claim and for Appellant on the second claim. The court held that Appellee provided a payment history for 2000 and 2001 in accordance with the Consent Order. (Paper 13, Tr. 53:13-15). The court also found that Appellant had made only one mortgage payment under the Consent

Order. (*Id.* at 53:15-19). Finally, the court determined that Appellee did not provide Appellant with the required quarterly account statements. However, the court noted that because Appellant made only one mortgage payment under the Consent Order, there would have been nothing to report in the quarterly statements. The court commented that it was unfortunate that the dispute remained unresolved for so many years, but refused to vacate the Consent Order. (*Id.*).

Appellant's brief does not clearly state his objections to the bankruptcy court's ruling. Rather, his brief is a list of his grievances with Appellee. Two points emerge from the filing that are related to the bankruptcy court's finding that Appellee provided a payment history for 2000 and 2001. Appellant does not dispute that Appellee provided him with a history, but he asserts that Appellee improperly accounted for his payments. (*See* Paper 11, at 2-3 (alleging that Appellee never accounted for an October 1, 2001 payment and improperly accounted for a November 12, 2001 payment)).

The bankruptcy court did not make specific findings regarding the individual payment disputes between the parties. The court merely held that Appellee provided a history to Appellant in accordance with the Consent Order. (Paper 13, Tr. 53:10-19). This court will not rule on the individual payment issues, as a district court will not decide factual issues that were not addressed by the

5

bankruptcy court.  *Plotner v. AT&T Corp.*, 224 F.3d 1161, 1171 (10th Cir. 2000) ("a reviewing court, in this case the district court..., generally may not decide factual issues that were not addressed by the bankruptcy court") (citations omitted); *In re Pucci Shoes, Inc.*, 120 F.3d 38, 42 (4th Cir. 1997).  Appellant's brief does not present a single factual or legal argument that this court may consider in reviewing the bankruptcy court's factual determinations.  Accordingly, the court will not disturb Judge Lipp's factual findings.

Nor will the court reverse the bankruptcy court's conclusion not to vacate the Consent Order.  "A consent order...is the product of a settlement – a contract – between the parties." *In re Baltrotsky*, No. Civ.A.DKC 2004-2643, 2004 WL 2937537, at *5 (D.Md. Dec. 20, 2004) (quoting *In re Reflections*, No. 94-2080, 54 F.3d 774, 1995 WL 295502, at *2 (4th Cir. May 16, 1995)).  A contract is subject to rescission when one party has committed a material breach.  *E.g.*, *Washington Homes Inc. v. Interstate Land Dev. Co.*, 281 Md. 713, 728 (1978)); *Maslow v. Vanguri*, 168 Md.App. 298, 323-324 (2006).  The court will not grant rescission "for casual or unimportant breaches, but only for a substantial breach tending to defeat the object of the contract." *Maslow*, 168 Md.App. at 324 (quoting *Vincent v. Palmer*, 179 Md. 365, 373 (1941)).  Rescission is appropriate when "the act failed to be performed [goes] to the root of the contract...or render[s] the performance of the rest of

6

the contract a thing different in substance from that which was contracted for." *Maslow*, 168 Md.App. at 324 (quoting *Traylor v. Grafton*, 273 Md. 649, 687 (1975)).

The bankruptcy court correctly concluded that the Consent Order should not be vacated. Although Appellee breached the Consent Order by failing to provide the quarterly statements, that breach does not merit vacating the Consent Order. The object of the Consent Order was to provide Appellant with an opportunity to forestall foreclosure on his property. He and Appellee agreed on a payment schedule by which Appellant could repay his post-petition arrears and continue to make regular monthly mortgage payments. While the quarterly statements of account were important to Appellant, they did not go to the root of the contract. Appellant has not presented any evidence that he could not have performed under the Consent Order without the quarterly statements, nor was his performance contingent on receipt of the statements.

Further, it would be inequitable to vacate the Consent Order on the basis of Appellee's breach when Appellant was the first to materially breach the agreement. *See* 26 Williston on Contracts § 68:30 (4th ed. 2007)("A party who has been guilty of the first material breach of contract cannot rescind the contract because of the subsequent refusal or failure to perform by the other party."). The bankruptcy court found, and the record clearly demonstrates that Appellant made only one monthly mortgage payment and no

7

arrearage payments.  A failure to make required payments is a material breach.  *See Ettinger v. Mil Vets Sys. Tech., Inc.*, 38 Fed.Appx. 962, 969 (4th Cir. 2002)(citing *Fromm Sales Co. v. Troy Sunshade Co.*, 222 Md. 229 (1960)).  Appellant made his only payment on March 22, 2002 – months before he could have expected to receive his first quarterly statement.  Accordingly, this court will not allow Appellant to benefit where he committed a material breach prior to Appellee's nonmaterial breach.

Appellant argues that because he never received the quarterly statements promised under the Consent Order, he was unable to monitor his account and object to late charges assessed on the Chapter 13 trustee's payments.  (*See* Paper 11, at 3).  Relying on a payment history not included in the record below, Appellant identifies twelve trustee payments that were credited after the trustee allegedly submitted the funds.  (*See* Paper 11, at 3; Ex. 2, at 5 ).  The court will not address Appellant's argument, however, because it was not raised below.

"As an appellate court, this court 'applies the standard of review generally applied in [the] federal court [of] appeals' and will not generally consider issues not raised before the bankruptcy court." *Snow v. Countrywide Home Loans, Inc. (In re Snow)*, 270 B.R. 38, 41 (D.Md. 2001) (quoting *Webb v. Reserve Life Ins. Co.*, 954 F.2d 1102, 1103-04 (5th Cir. 1992).  *See Muth v. United States*, 1 F.3d 246, 250 (4th Cir. 1993) ("As this court has repeatedly held,

8

issues raised for the first time on appeal generally will not be considered.") (citing *Nat'l Wildlife Fed. V. Hanson*, 859 F.2d 313, 318 (4th Cir. 1988) and others).  "Exceptions to this general rule are made only in very limited circumstances, such as where refusal to consider the newly-raised issue would be plain error or would result in a fundamental miscarriage of justice." *Muth*, 1 F.3d at 250 (citing *Nat'l Wildlife Fed.*, 859 F.2d at 318).  As Appellant presents no exceptional circumstances to justify the court's examination of the new claim, the court finds that the trustee payment issue is not properly raised here.

Furthermore, Appellant's argument rests on evidence not included in the record below.  Appellant relies on a loan history that was never presented to the bankruptcy court. (Paper 11, at 3; Ex. 2, at 5 "Payment History #6")[1].  The court may not consider evidence not included in the record below. *See, e.g.*, *In re Rape*, 104 B.R. 741, 747 (W.D.N.C. 1989) ("A district court reviewing a bankruptcy court's decision can consider only the evidence presented to the bankruptcy court and made a part of the record.") (citations omitted).  As Appellant has failed to present any argument that could serve as a basis on which to reverse the

---

[1]  "Payment History Six" is a loan history that Appellee submitted to the State of Maryland Department of Labor, Licensing and Regulation, Division of Financial Regulation as an exhibit with its response to a complaint Appellant filed with that division. (Paper 9, Ex. D).  Appellee filed the loan history on March 28, 2007, five days after the bankruptcy hearing.

bankruptcy court's judgment, this court finds that the bankruptcy court did not err when it refused to vacate the Consent Order.

**IV.  Contempt**

The bankruptcy court held that Appellee should not be sanctioned for contempt.  This court agrees and will affirm the bankruptcy court's denial of Appellant's contempt motion.  This court reviews the denial of a contempt motion for abuse of discretion.  *JTH Tax, Inc. v. H&R Block Eastern Tax Services, Inc.*, 359 F.3d 699, 702 (4th Cir. 2004).  The purposes of civil contempt are to coerce obedience to a court order and to compensate a party for losses sustained as a result of the contumacy.  *In re General Motors Corp.*, 61 F.3d 256, 258 (4th Cir. 1995).

> To establish civil contempt, a movant must show each of the following elements by clear and convincing evidence:
> (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge;
> (2) . . . that the decree was in the movant's "favor"; (3) . . . that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive) of such violations; and (4) . . . that [the] movant suffered harm as a result.

*JTH Tax, Inc.*, 359 F.3d at 705 (quoting *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000)).  Willfulness is not an element of civil contempt.  *In re General Motors*, 61 F.3d at 258.

The first three requirements for contempt are present in this case, as there is no dispute that Appellee knew of the Consent Order, it had an obligation to provide quarterly statements to Appellee, and it failed to provide the statements.  Appellant does not establish the fourth element for proving contempt, as he does not demonstrate that he suffered harm as a result of not receiving the quarterly statements.  The only suggestion of harm Appellant alleges is with regard to the late fees assessed on the trustee's payments.  (*See* Paper 11, at 3).  As explained above, however, this court will not address Appellant's arguments raised for the first time on appeal.  Accordingly, the court will affirm the bankruptcy court's denial of Appellant's contempt motion.

## V.   Other Issues

### A.   Pre-petition Payments

In his brief, Appellant asserts numerous claims related to his pre-petition payments.[2]  Appellant has raised similar or identical claims and issues in his objection to Appellee's proof of claim, (paper 12, app. 7), and the underlying Motion to Vacate the Consent Order.  In its ruling on Appellant's Motion to Vacate, the bankruptcy court did not make findings of fact or conclusions of law on Appellant's pre-petition arguments.  As noted above, this

---

[2] *See* Paper 11, at 2 (missing payments from June 20, 2000 and August 1, 2000); 3 (late credit for December 12, 2000 payment); 4 (unknown or unreasonable fees, including $1,845 charged February 21, 2001, $1,763.82 charged January 23, 2002, $1,325.00 and $2,330.00 charged August 17, 2000); 5 (money put in suspense account as recorded on payment history from 1999-2007).

11

court will not rule on factual issues that were not addressed by the bankruptcy court. *See Plotner*, 224 F.3d at 1171; *In re Pucci Shoes, Inc.*, 120 F.3d at 42.

Nevertheless, issues related to pre-petition payments are irrelevant to the Consent Order. The Consent Order exclusively concerns arrears from September 2001 through February 2002 and ongoing monthly mortgage payments. (*See* Paper 12, App. 57-60). Vacating the Consent Order would be an inappropriate remedy to address any harm Appellant might have suffered regarding payments prior to September 2001.

**B.    Tax Issue**

Appellant contends that Appellee underreported Appellant's annual interest payments to the IRS. (*See* Paper 11, at 4-5). The parties briefly addressed the tax issue at the hearing below. Appellant contended that he did not receive a form 1098 for 2003 or 2005 and the one he received for 2004 was incorrect. (Paper 13, Tr. 33:11-15). The bankruptcy court did not make any factual findings or conclusions of law regarding the accuracy of Appellee's tax reporting and therefore this court will not address the issue. *See In re Pucci Shoes, Inc.*, 120 F.3d at 42. In any case, whether Appellee accurately reported Appellant's interest payments has no relevance to the parties' compliance with the Consent Order.

**C.    Payment Histories**

12


Appellant argues that the payment histories provided by Appellee throughout the bankruptcy litigation are inconsistent and therefore unreliable.  (*See* Paper 11, at 5).  It is unclear what remedy Appellant seeks from this claim or how it relates to Appellee's compliance with the Consent Order.  In any case, Appellant's argument is not properly before this court because it was not raised below and it is based on evidence not presented to the bankruptcy court.  *See Muth v. United States*, 1 F.3d 246, 250 (4th Cir. 1993); *Snow v. Countrywide Home Loans, Inc. (In re Snow)*, 270 B.R. 38, 41 (D.Md. 2001).

**VI. Conclusion**

For the foregoing reasons, the court shall affirm the bankruptcy court's denial of Appellant's Motion to Vacate Consent Order Modifying Automatic Stay and (for) to Cite Option One Mortgage Corporation in Contempt.  A separate order will follow.

                                                  _____/s/_____
                                                  DEBORAH K. CHASANOW
                                                  United States District Judge